UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TYRONE HURT *et al.*,                                                                                    Plaintiffs,

v.                                                                                      Civil Action No. 3:16-cv-772-DJH

UNITED STATES OF AMERICA,                                                                   Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Tyrone Hurt (Plaintiff), who lists his address as located in Washington, D.C., filed a *pro se* complaint on his own paper. In addition to listing himself in the caption as a plaintiff, he also lists Washington, D.C.'s National Museum of African-American History and Culture as a plaintiff.[1] As Defendant, he names the United States of America. The handwritten complaint is difficult to read as it is largely illegible and incoherent. The Court, however, is able to make out Plaintiff's reference to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) and the Fourth and Thirteenth Amendments and also a reference to "the illegal capture of Africans from the continent of Africa in violation of humanitirian [illegible] . . . ."

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (listing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district

---

[1] Plaintiff, a non-attorney, is prohibited from representing the Museum. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake.").

court of jurisdiction)). A complaint is frivolous if it lacks an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). The instant complaint meets this standard.

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will

not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory. The complaint does not contain sufficient factual matter that, if accepted as true, states "'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Plaintiff fails to place Defendant on notice as to any claim(s) against it, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544), and the complaint is simply too vague and sparse to state a cause of action under any legal theory. The complaint fails to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2).

Furthermore, a review of the federal judiciary's online database, Public Access to Court Electronic Records ("PACER"), shows that Plaintiff has filed hundreds of cases in federal courts across the country. *See Hurt v. Encinia*, No. H-15-2602, 2015 U.S. Dist. LEXIS 147815, at *6 (S.D. Tex. Oct. 30, 2015) ("A national litigation index reveals that since 1985, Hurt has filed at least 468 civil actions in federal courts across the country."). Plaintiff has been deemed an abusive and vexatious litigant by numerous other courts. *See, e.g.*, *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) ("[W]e think 'the number, content, frequency, and disposition' of his filings shows an especially abusive pattern . . . . Hurt has brought numerous meritless appeals--suits targeting institutions, people and inanimate objects--while asking for sums of money dwarfing the size of the Federal Government's annual budget."); *Hurt v. Ferguson, Missouri, Cleveland, Ohio, Baltimore, Maryland, All Law Enforcement Officials Within This*

3

*Nation Et Al, Forty-Seven States To The United States Of Am.*, No. 1:15-cv-01054-WTL-TAB, 2015 U.S. Dist. LEXIS 89669, at *4 (S.D. Ind. July 10, 2015) ("Mr. Hurt's abusive patterns must come to an end. Mr. Hurt's cases represent countless hours of judicial time that could be spent on cases which state viable claims."); *Hurt v. Lanier*, No. 1:14-cv-484-GZS, 2014 U.S. Dist. LEXIS 163201, at *4 (D. Me. Nov. 19, 2014) ("Taking judicial notice of the other actions Plaintiff has recently filed with this Court as well as his filing history in other districts, there is ample evidence that Hurt is an abusive and vexatious litigant.").

Finally, Plaintiff "has been repeatedly warned (to no effect) and ultimately banned from filing complaints and/or appeals in forma pauperis by numerous other districts and appellate courts." *Hurt v. Sterling*, No. 1:14-CV-436, 2014 WL 2257176, at *3 (S.D. Ohio May 29, 2014), *report and recommendation adopted*, No. 1:14CV436, 2014 WL 3573637 (S.D. Ohio July 21, 2014). In addition, because of the vexatious and frivolous lawsuits Plaintiff has filed in the Western District of Kentucky, he has been prohibited from proceeding *in forma pauperis* in any future actions filed in this Court.[2] *Hurt v. Civil Rights Lawyer*, No. 3:17-cv-39-DJH (Document Number 9, Memorandum Opinion and Order dated March 21, 2017).

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: June 15, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4415.005

---

[2] Plaintiff was permitted to proceed *in forma pauperis* in the instant action because the filing of the instant complaint predated the Court's sanction.